Henry C. **DOZIER**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20762.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 15, 1967.

Decided July 13, 1967.

Mr. Kenneth Wells Parkinson, Washington, D. C. (appointed by this court), for appellant.

Mr. Henry K. Osterman, Sp. Atty., Office of U. S. Atty., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Charles L. Owen, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and DANAHER and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant was convicted of housebreaking with intent to commit carnal knowledge, D.C.Code § 22–1801, first count, assault on a female under the age of sixteen with intent to commit carnal knowledge, D.C.Code § 22–501, second count, and taking immoral, improper and indecent liberties with a female under the age of sixteen, D.C.Code § 22–3501, known as the Miller Act, third count. He was sentenced to imprisonment for two to six years on each count, the sentences to run concurrently.

Counsel for the defendant requested the court to instruct the jury they were to consider the third count—based on the Miller Act—only if they acquitted on the second count. Deeming these two counts to charge separate offenses the court refused this request. The course thus adopted by the court was contrary to three opinions of this court. Whittaker v. United States, 108 U.S.App. D.C. 268, 281 F.2d 631; Younger v. United States, 105 U.S.App.D.C. 51, 263 F.2d 735, cert. denied, 360 U.S. 905, 79 S.Ct. 1289, 3 L.Ed.2d 1257; Thompson v. United States, 97 U.S.App.D.C. 116, 228 F.2d 463.

It is clear from the fact that the jury convicted on both the second and third counts that the failure of the court properly to instruct as indicated did not impair the verdict on the third count, the less serious of the two offenses. As to the verdict on the second count, however, it cannot be said that had the jury been told they could not convict on the third count unless they found defendant not guilty on the second count they would have returned a guilty verdict on the latter count. The jury might have decided to convict only for the less serious offense charged in the third count had they been permitted to choose between the two counts rather than to consider each independently of the other. Although the jury, under er-

**484**

roneous instructions, decided that all the elements of the second count were proved, it does not follow that under proper instructions they would have done so rather than resting their verdict upon the third count.

■ We find no error affecting the conviction of housebreaking, charged in the first count under D.C.Code § 22–1801; and since as we have stated the conviction on the third count, D.C.Code § 22–3501, also is not impaired,[1] the judgment is affirmed except that the conviction on the second count, D.C.Code § 22–501, will be set aside.

It is so ordered.

1. Our resolution of the problem arising from the denial of the requested instruction does not require a remand. *Cf.* Whittaker v. United States, *supra.* Moreover, the court's failure to instruct on simple assault as a less offense under the third count furnishes no basis for reversal, for the jury was instructed on simple assault as a less offense under the second count.