**UNITED STATES of America,**

v.

**Willie D. HEARD, Appellant.**

**Nos. 22585, 22586.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 23, 1969.

Decided Sept. 18, 1969.

Rehearing En Banc Denied
Nov. 19, 1969.
Certiorari Denied March 30, 1970.
See 90 S.Ct. 1252.

---

Mr. Jacob Goldberg, Washington, D. C. (appointed by this court), for appellant.

Mr. David C. Woll, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, and Lawrence Lippe, Asst. U. S. Atty., were on the brief, for appellee.

Before McGOWAN, LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

The indictment charged appellant in the first count with carnal knowledge under 22 D.C.Code § 2801, and, in the second count, with taking indecent liberties with a minor child under 22 D.C.Code § 3501(a). The jury found appellant guilty on both counts. Appellant was sentenced to two to eight years imprisonment on each count, sentences to run concurrently.

■■ The judge instructed the jury that the fact that the jury might find the defendant guilty or not guilty on one count should not control or influence the verdict on the other count. He further charged the jury to consider the two counts separately and to be prepared to announce the verdict, assuming unanimity in the result, first as to the first count and then as to the second. This was error. These particular offenses have been so structured by Congress that the Miller Act, making criminal the taking of indecent liberties with a child, but affording liberalized release and parole provisions, is inapplicable to the carnal knowledge offense.[1] A defendant may not properly

---

1. The Miller Act, 22 D.C.Code § 3501, provides in pertinent part:

    (a) Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or

**630**

be convicted of both offenses at the same time as a result of one incident.[2] Instead, "the jury must be told that they may not find the defendant guilty of both offenses. If he is guilty of carnal knowledge, he is not within the Miller Act."[3]

■ The judge should have charged the jury that they should first consider the carnal knowledge offense. If they found the defendant guilty beyond a reasonable doubt, the sole verdict should have been guilty on count one. They should further have been instructed that, if they acquitted of carnal knowledge, they should have proceeded to consider whether defendant was guilty or not guilty of the crime of indecent liberties charged by count two. This charge furthers the legislative intent that persons the jury finds, beyond a reasonable doubt, to be guilty of carnal knowledge, should not be sentenced under the Miller Act.

These instructions parallel the instructions appropriate in a case where one offense is a lesser included offense within the other. This parallel finds support in the rulings of this court that indecent liberties is a lesser offense included within the crime of assault with

intent to commit carnal knowledge,[4] and that assault with intent to commit carnal knowledge is a lesser included offense of carnal knowledge.[5] But there are strands of doctrine that seem to cut across the conception that indecent liberties and assault with intent to commit carnal knowledge are invariably "included" within carnal knowledge. For one thing, these lesser offenses require a specific intent that may, for example, be negatived by intoxication,[6] and is not required for carnal knowledge, a general mens rea crime.[7]

Perhaps this technical difficulty can be reconciled by treating indecent liberties as a lesser included offense of carnal knowledge as a matter of general application, subject to withdrawal from that category in a particular case wherein defendant raises a claim, such as intoxication, that would be a defense to the lesser but not the greater offense. In any event, the submission of counts to the jury in the same way as is done in the case of included offenses conforms to the typical relationship between the factual elements of these two crimes and furthers the congressional purpose in making indecent liberties and carnal knowledge legally inconsistent offenses

passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desire, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

\* \* \* \* \*

(d) The provisions of this section shall not apply to the offenses covered by section 22–2801.

The carnal knowledge statute, 22 D.C. Code § 2801, provides in pertinent part:

Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not more than thirty years \* \* \*.

2. Dozier v. United States, 127 U.S.App. D.C. 266, 382 F.2d 482 (1967); Whittaker v. United States, 108 U.S.App. D.C. 268, 281 F.2d 631 (1960); Younger v. United States, 105 U.S.App.D.C. 51, 263 F.2d 735, cert. den., 360 U.S. 905, 79 S.Ct. 1289, 3 L.Ed.2d 1257 (1959); Thompson v. United States, 97 U.S.App. D.C. 116, 228 F.2d 463 (1955).

3. Fuller v. United States, 132 U.S.App. D.C. 264, 286, 407 F.2d 1199, 1221 at 1223 (en banc) (1968).

4. Allison v. United States, 133 U.S.App. D.C. ——, 409 F.2d 445 (1969); Younger v. United States, supra note 2.

5. Whittaker v. United States, supra note 2; Miller v. United States, 93 U.S.App. D.C. 76, 207 F.2d 33 (1953).

6. Goforth v. United States, 106 U.S.App. D.C. 111, 269 F.2d 778 (1959).

7. McGuinn v. United States, 89 U.S.App. D.C. 197, 191 F.2d 477 (1951).

and in denying Miller Act treatment to those guilty of carnal knowledge.

We turn now to the proper disposition of this case in which the jury was erroneously permitted to return verdicts on each count. In Dozier v. United States, 127 U.S.App.D.C. 266, 382 F.2d 482 (1967), this court corrected the error by affirming the conviction of indecent liberties and setting aside the conviction of assault with intent to commit carnal knowledge. But in that case, defense counsel requested that the judge charge on carnal knowledge and then instruct the jury to consider indecent liberties only if it acquitted of carnal knowledge. The failure of the judge to comply with a legitimate request of defense counsel warranted a corrective order that avoided the need for retrial, but gave the defendant the benefit of the doubt as to the possibility of prejudice from the error.

■ In the case before us, defense counsel made no such request.[8] We therefore follow the guidelines provided in our en banc decision in Fuller v. United States, 132 U.S.App.D.C. 264, 286, 407 F.2d 1199, 1221 (en banc) (1968).[9] Where one offense is a lesser included offense of the other, there is no basis for inferring confusion on the part of the jury from simultaneous verdicts; and we find none here. In the absence of a defense request that the jury consider the indecent liberties count only after an acquittal of carnal knowledge,

we remand the case with instructions to vacate the judgment of conviction of the lesser offense, count two.

So ordered.

Before BAZELON, Chief Judge and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON and ROBB, Circuit Judges, in Chambers.

## ORDER

PER CURIAM.

On consideration of appellant's suggestion for rehearing en banc, it is

Ordered by the Court en banc that appellant's aforesaid suggestion is denied.

Statement of Chief Judge Bazelon as to why he would grant rehearing en banc.

BAZELON, Chief Judge:

I cannot reconcile this opinion with prior cases. Under instructions disapproved in a long line of our cases, appellant was convicted both of carnal knowledge, 22 D.C.Code § 2801 (1967), and indecent liberties, 22 D.C.Code § 3501 (1967), for the same act. Relying on counsel's failure to object to the instructions at trial, the panel affirms the *greater* conviction (carnal knowledge) and vacates the lesser one (indecent liberties).

1. This case conflicts directly with Dozier v. United States, 127 U.S.App. D.C. 266, 382 F.2d 482 (1967), which vacated the greater of the two convictions. I do not think *Dozier* can be distinguished on the ground that counsel in

---

8. Where such request is made and rejected, the proper course is to remand to the District Court for consideration, of course after obtaining views of counsel, as to whether in the interest of justice, to enter an order (a) vacating the judgment on the greater offense and entering sentence on the lesser offense, cf. Dozier v. United States, *supra* note 2; or (b) requiring a new trial, cf. Austin v. United States, 127 U.S.App.D.C. 180, 382 F.2d 129 (1967). The new trial may result in a carnal knowledge conviction but only following instructions that do not perpetuate the error in refusing those properly submitted by defense counsel.

9. In *Fuller*, we noted that there could not be simultaneous verdicts of indecent liberties and carnal knowledge because they were inconsistent by express provision of the Miller Act. We have explained in this opinion that the purpose of the provision is furthered by treating indecent liberties as a lesser included offense for purposes of instructions on the order of consideration, and that the lesser included offense instruction generally corresponds to the factual pattern of the crimes. *Fuller* makes clear that the mandate we enter is appropriate where one offense is a lesser included offense within the other, but there has been no request by defense counsel for instructions to the jury on that basis.

**632**

that case objected to the erroneous instruction at trial. The plain error rule serves judicial convenience by allowing an appellate court to disregard trivial errors not complained of below; but where, as here, error in the jury charge was contrary to a series of our cases as well as the statute, I do not think that counsel's failure to object authorizes us to modify the remedy for an admittedly obvious mistake. Nothing in *Dozier* indicates that the result there turned on the fact that counsel objected at trial.

2. Fuller v. United States, 132 U.S. App.D.C. 264, 286, 407 F.2d 1199, 1221 (1968) (en banc) does not seem in point to me. First, the *Fuller* court distinguished the situation it was dealing with (first-degree felony murder and second-degree murder) from the "inconsistency" between carnal knowledge and indecent liberties that is before us here. See 132 U.S.App.D.C. at 288, 294, 407 F.2d at 1223, 1229. Second, there was in *Fuller* no possibility of prejudice as to sentence, since the first-degree murder conviction carried a mandatory life sentence. Third, insofar as the *Fuller* rationale rested on the "*Hirabayashi* line of cases," *id.* at 297, 407 F.2d 1232, that line has been strongly undercut by Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707 (1969).

3. The result in this case also seems inconsistent with Milanovich v. United States, 365 U.S. 551, 554–556, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). Mrs. Milanovich had been convicted of larceny (as an aider and abetter prior to the crime) and receiving stolen goods. The Court of Appeals, 275 F.2d 716 (4th Cir. 1960), set aside the sentence on the lesser count. The Supreme Court, 7–2 on the point, held this to be insufficient:

> [T]here is no way of knowing whether a properly instructed jury would have found the wife guilty of larceny or of receiving (*or, conceivably, of neither*) * * *. It may well be, as the Court of Appeals assumed, that the jury, if given the choice, would have rendered a verdict of guilty on the larceny count, and that the trial judge would have im-

posed the maximum ten-year sentence on that count alone. But for a reviewing court to make those assumptions is to usurp the functions of both the jury and the sentencing judge.

365 U.S. at 555, 81 S.Ct. at 730 (emphasis added). As in the present case, the jury's verdicts were legally but not factually inconsistent. The Supreme Court refused to affirm either of the convictions, and instead remanded for a new trial under proper instructions. We are constrained to do the same.