**Charles W. HALL, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 7852.**

District of Columbia Court of Appeals.

Argued June 26, 1974.

Decided July 24, 1975.

---

Robert F. Steeves, Washington, D. C., appointed by this court, for appellant.

Justin D. Simon, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Lee Cross, Asst. U. S. Attys., were on the brief, for appellee. James M. McMullin, Asst. U. S. Atty., also entered an appearance for appellee.

Before FICKLING, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

In a two count indictment appellant and a codefendant were charged with obstructing justice[1] and simple assault.[2] In the ensuing jury trial the appellant was found guilty on both counts and sentenced concurrently.[3] Appellant argues on appeal, *inter alia*, (1) that the indictment was invalid because it lacked sufficient specificity and failed to allege all of the elements of the obstruction of justice charge and (2) that the trial court erred in receiving verdicts, and sentencing the appellant, on both counts of the indictment because simple assault, on the facts of this case, merged into the charge of obstruction of justice. These two issues are raised by appellant for the first time on appeal. Finding no merit in

these arguments or in any of the other issues raised by appellant,[4] we affirm.

The series of events leading to the instant indictment began when Mr. Freddie Davis reported to the police on May 13, 1973, that he had been the victim of a robbery. In the ensuing investigation Mr. Davis made a photographic identification of Gregory Crawford as one of the men who had robbed him which resulted in the arrest on May 29, 1973, of Gregory Crawford. Later that evening as Mr. Davis was leaving a liquor store at which he had stopped on his way home from work, he was accosted by three men. One of the men grabbed him and asked, "Do you know anything about Gregory being locked up?" When Mr. Davis answered in the negative, he was immediately struck in the face by one of the trio, knocked to the ground, and repeatedly kicked and stomped.

Metropolitan Police officers who arrived shortly after the incident in response to a radio call drove Mr. Davis to Rosedale Street, N.E., where he thought his assailants lived. Mr. Davis identified the appellant as one of his assailants from a group of people who were sitting on the porch of one of the houses there. The officers then called appellant over to the squad car and questioned him, one of the officers noticing what he asserted were blood stains on appellant's hand.[5] Because a hostile crowd was gathering as the investigation proceeded, the officers drove a block away to await backup units. Upon the arrival of the extra units, the officers returned to the Rosedale Street adress and the appellant and his codefendant were subsequently arrested.

1. D.C.Code 1973, § 22–703.

2. D.C.Code 1973, § 22–504.

3. Appellant's codefendant was acquitted on both counts.

4. *See* note 9, *infra.*

5. When the officers returned and arrested the appellant, no stains were found on his hands.

## I

Appellant contends for the first time on this appeal that the indictment is defective for failure to charge that appellant knew that the victim, Davis, was to be a witness in the criminal case against Crawford.

 To permit a case to go to trial without first raising an alleged defect in the indictment or information can result in a complete waste of the time of the trial court, the parties, counsel, witnesses and jurors. The prosecution should have the opportunity to justify the pleading before trial, to dismiss it, to amend the information or to seek a new indictment. The trial judge should have an opportunity to consider the alleged defect and to rule on the sufficiency of the indictment or information. Consequently, courts of appeal, for good reason, are not disposed to notice alleged errors which are raised for the first time on appeal absent a clear showing of miscarriage of justice. *Adams v. United States,* D.C.App., 302 A.2d 232, 234 (1973); *Harris v. United States,* 112 U.S.App.D.C. 100, 101, 299 F.2d 931, 932 (1962). The courts have observed, however, that due process requires that one accused of a crime must be fully apprised of the nature of the charge against him. *Salinas v. United States,* 277 F.2d 914, 916 (9th Cir. 1960). Furthermore, an indictment which is so fundamentally defective that it fails to charge an offense may be struck down on appeal even though it was not attacked in the trial court. *United States v. Thomas,* 144 U.S.App.D.C. 44 n. 1, 444 F.2d 919 n. 1 (1971). We therefore turn to a consideration of this belatedly raised issue to determine whether the instant indictment charged the offense of obstruction of justice.[6]

Appellant relies on *Pettibone v. United States,* 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893). *Pettibone* involved the sufficiency of an indictment for conspiring to obstruct justice. It was based upon the rules of pleading and construction that prevailed long before the adoption of modern rules.

When confronted with quite the same situation in an obstruction of justice case not long ago as to the precedential value of *Pettibone,* the Seventh Circuit observed:

> The Supreme Court has clearly stated that the 'old common law rules of criminal pleading' have yielded to the modern practice of disregarding formal defects in indictments. *Hagner v. United States,* 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932). . . . . [*United States v. De Stefano,* 476 F.2d 324, 328 (7th Cir. 1973).]

After observing that the function of the indictment today is to apprise the defendant of the nature of the offense with which he is charged that court added:

> In accord with this contemporary view of pleading, decisions dealing with 18 U.S.C. 1503 [which is comparable to D.C.Code 1973, § 22–703] have held that an indictment worded merely in the language of that statute is sufficient,

---

6. The indictment returned by the grand jury reads as follows:
 FIRST COUNT:
 On or about May 29, 1973, within the District of Columbia, [a codefendant] and Charles W. Hall corruptly endeavored by threats and force to influence, intimidate and impede "Freddie M. Davis, Jr." in the discharge of his duties as a witness in the case of *UNITED STATES v. Gregory Crawford,* Criminal Case Number 31337–73, then pending in the Superior Court for the District of Columbia.
 SECOND COUNT:
 On or about May 29, 1973, within the District of Columbia, [a codefendant] and Charles W. Hall unlawfully assaulted and threatened in a menacing manner [Mr. Davis].

[citations omitted] even though the indictment contains no express allegations that the defendant knew that the person he threatened was a potential witness in a pending criminal proceeding. . . . [476 F.2d at 328.]

Similarly, it has been said that "it is now the settled rule in virtually every circuit, that as a general proposition, scienter need not be proven" to establish a violation of 18 U.S.C. § 111 (1970) proscribing assault on a federal officer. *United States v. Perkins,* 488 F.2d 652, 654 (1st Cir. 1973), *cert. denied,* 417 U.S. 913, 94 S.Ct. 2612, 41 L. Ed.2d 217 (1974).

Further, the language in the instant indictment, "corruptly endeavored . . . to influence, intimidate and impede [Mr. Davis] in the discharge of his duties as a witness . . . " implies, with sufficient clarity, knowledge that the victim is a witness and an intent to impede that witness in the furtherance of his duties. *See also Anderson v. United States,* 215 F.2d 84, 89 (6th Cir.), *cert. denied,* 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698 (1954), where the court, confronted by the *Pettibone* argument, held the defect was one of form only and not reversible error. In accordance with the foregoing authorities, we hold that the instant indictment charged an offense, fairly apprised the appellant of the crimes alleged, and was sufficiently specific to be pled as a bar to further prosecutions for the same offense.

## II

Appellant argues that the trial court committed plain error in not instructing the jury that simple assault was a lesser included offense of obstruction of justice and that it should only consider the assault count if it first found appellant not guilty of obstruction of justice. Appellant's argument founders, *inter alia,* upon the au-

thority of *Fuller v. United States,* 132 U.S.App.D.C. 264, 295, 407 F.2d 1199, 1230 (1968) (en banc), *cert. denied,* 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969), in which it was held that the trial court's failure to give a lesser included offense instruction without a request from one of the parties was not, without more, plain error. *See also United States v. Heard,* 137 U.S.App.D.C. 60, 63, 420 F.2d 628, 631 (1969), *cert. denied,* 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970); Super. Ct.Cr.R. 30.

Courts in this jurisdiction have, however, vacated convictions for lesser included crimes in cases of multiple count convictions when this issue is raised for the first time on appeal. *United States v. Heard, supra* at 63, 420 F.2d at 631. *See also Smith v. United States,* D.C.App., 312 A.2d 781 (1973); *Skinner v. United States,* D.C.App., 310 A.2d 231 (1973); *United States v. Johnson,* 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973). We still must resolve, then, the question of whether simple assault is a lesser included offense of obstruction of justice in this case.

■ A lesser included offense has been variously defined as one for which "some of the elements of the crime charged themselves constitute a lesser crime", *Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965), and as one "which consist[s] entirely of some but not all of the elements of the greater offense", *Pendergrast v. United States,* D.C.App., 332 A.2d 919, 924 (1975), and as "one which is necessarily established by the proof of the greater offense." *Fuller v. United States, supra* at 293, 407 F.2d at 1228.[7] D.C.Code 1973, § 22–703 proscribes one, *inter alia,* from "corruptly, by threats or force, endeavor[ing] to influence, intimidate or impede any . . . witness . . . in the discharge of his duties . . . ." It is not necessary for

7. *See also United States v. Whitaker,* 144 U.S.App.D.C. 344, 347, 447 F.2d 314, 317 (1971).

the government to establish that an assault has been committed as an element of a violation of this section. That is to say it is not necessary that the "threats or force" utilized to influence the witness entail physical violence; acts such as blackmail and unfulfilled threats of violence could support an obstruction of justice charge. For example, the appellant in *Courtney v. United States,* 390 F.2d 521, 523 (9th Cir. 1968), was convicted under 18 U.S.C. § 1503 (1970) (the federal statute analogous to D.C.Code 1973, § 22–703) when, among other things, he threatened to tell a witness' family about her prostitution activities unless she agreed not to testify against him. In *United States v. De Stefano, supra,* the 18 U.S.C. § 1503 violation was established by proving implied threats of force intended to prevent a witness from giving incriminating testimony.

■ Our analysis does not indicate that the doctrines of merger and lesser included offenses are always to be analyzed solely by abstract consideration of the statutes involved or the wording of the indictment. In some cases, as in *United States v. Whitaker,* 144 U.S.App.D.C. 344, 447 F.2d 314 (1971), it is appropriate to look to the facts adduced at trial to determine whether there was a merger or a lesser included offense. In *Whitaker* the court held that unlawful entry was a lesser included offense of burglary for the purpose of allowing the defendant to request a jury instruction on unlawful entry, despite the fact that unlawful entry need not have necessarily been established as an element of burglary under the D.C.Code or under the indictment of that case. The *Whitaker* court reasoned that because unauthorized entry was an element of the vast majority of burglaries it should be considered a lesser included offense where the facts of the particular case indicate that it was a lesser included offense. The court added, however,

that its novel analysis of lesser included offenses was given

> with the *caveat* that there must also be an "inherent" relationship between the greater and lesser offenses, *i. e.,* they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense. [447 F.2d at 319 (footnote omitted).]

■ Assaulting a witness is only one of a number of ways that obstruction of justice can be perpetrated under § 22–703. More important, the interests which are protected by the two statutes are widely disparate. The crime of obstructing justice is societal in that it is intended to insulate the criminal justice system from corruption whereas the crime of simple assault is intended to protect the physical security of individual citizens.[8] In commenting on the purpose of 18 U.S.C. § 1503, which is a more narrowly drafted statute than D.C.Code 1973, § 22–703, the court in *Samples v. United States,* 121 F.2d 263, 265–66 (5th Cir.), *cert. denied,* 314 U.S. 662, 62 S.Ct. 129, 86 L.Ed. 530 (1941) stated:

> It is designed to protect witnesses in Federal courts and also to prevent a miscarriage of justice by corrupt methods.
> . . .
>
> . . . The statute is broad enough to cover any act, committed corruptly, in an endeavor to impede or obstruct the due administration of justice. . . .

*See also Knight v. United States,* 310 F.2d 305, 307 (5th Cir. 1962). Consequently, we find that appellant's charge of assault did not merge into his conviction for obstruction of justice, and the trial court did not

---

**8.** *Cf. United States v. Thomas,* 148 U.S.App.D.C. 148, 154, 459 F.2d 1172, 1178 (1972).

err in receiving verdicts and entering judgments on both counts.

Finding no merit in any of the other contentions raised by the appellant,[9] the judgment of the trial court is

*Affirmed.*

---

9. Contrary to the opinion of the appellant, we think there was ample evidence in the record to support a jury finding that the alleged assault was intended to prevent the further cooperation of the complaining witness in the *Crawford* case. Nor do we find that the trial court abused its discretion in limiting the cross-examination of the complaining witness on the issues of his credibility and bias. We further find no merit in appellant's argument that the trial court erred in receiving a guilty verdict as to the appellant while receiving a not guilty verdict as to appellant's codefendant. Inconsistent jury verdicts in this regard are commonplace and the acquittal of one defendant does not necessarily make void the conviction of the other. *Coleman v. United States,* 111 U.S.App.D.C. 210, 295 F.2d 555 (1961), *cert. denied,* 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed. 2d 613 (1962). *Cf. United States v. Smith,* D.C.App., 337 A.2d 499 (1975). As to the other trial court rulings assigned as error, we find that all were made in the sound discretion of the court in the course of a fairly conducted trial.