PAIR, Associate Judge, Retired:
 

 An indictment filed on May 7, 1980, charged appellant with assault with intent to commit mayhem, D.C.Code § 22-502 (1973), assault with a dangerous weapon, D.C.Code § 22-502 (1973), arson, D.C.Code § 22-401 (1973), and two counts of malicious destruction of property, D.C.Code § 22-402 (1973). A jury convicted appellant on all five counts and on March 12, 1981, he was sentenced to three to twelve years’ imprisonment on the assault with intent to commit mayhem charge,
 
 [1]
 
 two to six years for assault with a deadly weapon, one to three years for arson, and one year on each count of malicious destruction of property. The court provided that all sentences run concurrently. Appellant challenges his convictions for both assault with intent to commit mayhem and assault with a dangerous weapon, contending that the two offenses merged with one another. He urges also that the malicious destruction of property charge is a lesser-included offense of arson. We affirm.
 

 In the early evening of April 29, 1980, Patricia Ann Osborne lay resting on her bed in her second floor Fort Dupont Park apartment at 425 37th Place, S.E. Sometime after 7:00 p.m., she heard a smoke alarm sound in the building, got up to investigate, and saw a thick, heavy cloud of smoke filling the hallway. Osborne immediately exited from the four unit apartment building, placed her bible and pocketbook in her nearby parked car and then returned to check if anyone was still inside. As she stood on the first floor near the doorway of apartment 102 from which smoke was emanating, appellant approached her and suddenly began to attack and beat her with his fist, eventually pulling her into apartment 102.
 

 Inside the apartment, appellant twice tried to set her hair on fire using matches. Both times she waved one of her hands at the flame and the match went out. Appellant thereupon dragged Osborne into the kitchen where all four burners on the gas stove were lit. He tried to shove her face down into the flames but she successfully resisted. Appellant put the end of her coat into the fire, but she again put out the flame. He then knocked her to the kitchen floor, where she was burned by a “hot iron burner” which had fallen from the stove.
 

 After struggling in the kitchen, appellant dragged Osborne back into the living room and began again to beat her. He next took some telephone books and stacked them against the wall. Pulling Osborne into the kitchen for the second time, he ignited a paper bag in the stove flames, dragged her back into the living room, set the books on fire, and placed a floor rug on the burning pile. Appellant attempted to shove Osborne into the blaze and when she resisted, grabbed her coat, tossed it into the fire and then threw her onto the living room couch, after which he left the apartment.
 

 Osborne waited a moment, then ran from the building and signaled a passing police cruiser. She told Sergeant Floyd and Lieutenant Copeland what had happened and together they drove back to the apartment where they saw a man later identified as appellant sitting on the rail outside the building and arrested him. After the fire had been extinguished, William Johnson, Jr., of the District of Columbia Fire Marshal’s Office arrived at the scene and deter
 
 *36
 
 mined that two distinct and intentionally set fires had occurred in the apartment, one in the living room and one in the kitchen. The property manager for the Fort Dupont Park Apartments, Martin Johnson, also inspected the damage in apartment 102, which appellant had leased for a one year period on April 4,1980. Johnson estimated the repair cost of damage at $4,365. The insurance company later paid $1,265 for repairs; Osborne also sustained the loss of her coat, valued at $120. Appellant argues that on these facts the offenses of assault with intent to commit mayhem and assault with a dangerous weapon merged with one another.
 

 Two offenses merge when the lesser offense consists entirely of some but not all of the elements of the greater offense.
 
 Sansone v. United States,
 
 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965);
 
 Waller v. United States,
 
 389 A.2d 801, 808 (D.C.1978),
 
 appeal dismissed and cert. denied,
 
 446 U.S. 901, 100 S.Ct. 1824, 64 L.Ed.2d 253 (1980);
 
 Hall v. United States,
 
 343 A.2d 35, 38-39 (D.C.1975).
 
 See generally Hawkins v. United States,
 
 399 A.2d 1306, 1307-08 (D.C.1979) (summarizing various definitions of lesser-included offense). The doctrine of merger, however, “does not apply where the offenses arise out of separate acts or transactions.”
 
 Villines
 
 v.
 
 United States,
 
 320 A.2d 313, 314 (D.C.1974); see
 
 Tuckson v. United States,
 
 364 A.2d 138, 142 (D.C.1976) (merger inapplicable where evidence shows “two separate and distinct” offenses);
 
 Dixon v. United States,
 
 320 A.2d 318, 321 (D.C.1974) (merger cannot occur where offenses are “separate and apart” from one another). Moreover, where offenses are separate, the trial court’s decision to prescribe concurrent sentences may not be reviewed.
 
 Jones v. United States,
 
 401 A.2d 473, 476 (D.C.1979).
 

 An assault is an attempt, with force or violence, to injure another with the apparent present ability to effect injury. The offense also requires the intent to do the act constituting the assault.
 
 Sousa v. United States,
 
 400 A.2d 1036, 1044 (D.C.),
 
 cert. denied,
 
 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979); Criminal Jury Instructions for the District of Columbia, No. 4.11 (3d ed. 1978). Consistent with the indictment, the prosecutor’s closing argument and the trial court’s jury instructions, the evidence shows that appellant twice assaulted Osborne at different times and in different places, once with intent to commit mayhem and once with a dangerous weapon. Appellant initially dragged her into the kitchen and tried to shove her face into one of the four lit gas burners. A jury could reasonably find that appellant intended to cause permanent injury or disfigurement, constituting mayhem.
 
 McFadden v. United States,
 
 395 A.2d 14, 18 (D.C.1978);
 
 United States v. Cook,
 
 149 U.S.App.D.C. 197, 199, 462 F.2d 301, 303 (1972). After unsuccessfully attempting to burn Osborne’s face, appellant pulled her into the living room and began to beat her. He then stacked some telephone books against the wall, ignited a paper bag, and set these books on fire. Appellant attempted to shove Osborne into these flames. A jury could reasonably find that appellant, through conduct separate and distinct from his actions in the kitchen, intended in the living room to harm Osborne with a dangerous weapon —namely, fire.
 
 See Josey v. United States,
 
 77 U.S.App.D.C. 321, 323, 135 F.2d 809, 811 (1943) (dangerous weapon defined as one “likely to produce death or great bodily injury”).
 

 Because the evidence shows that these offenses arose from separate acts at different times, merger does not apply.
 
 Villines v. United States, supra,
 
 320 A.2d at 314. Accordingly, review of the trial court’s decision to impose concurrent sentences is foreclosed.
 
 Jones v. United States, supra,
 
 401 A.2d at 473.
 

 Appellant secondly contends that malicious destruction of property consists entirely of some but not all of the elements of arson and is therefore a lesser-included offense. Determining whether one offense is wholly included within and merges with another involves an examination of the lan
 
 *37
 
 guage of the two statutes and the wording of the indictment.
 
 Waller
 
 v.
 
 United States, supra,
 
 389 A.2d at 808;
 
 Hall v. United States, supra,
 
 343 A.2d at 39. In narrow circumstances the facts as adduced at trial may also be considered.
 
 Hall v. United States, supra,
 
 343 A.2d at 39;
 
 United States v. Whitaker,
 
 144 U.S.App.D.C. 344, 349, 447 F.2d 314, 319 (1971);
 
 see also Robinson v. United States,
 
 388 A.2d 1210, 1211 (D.C. 1978).
 

 In
 
 In re W.B.W.,
 
 397 A.2d 143 (D.C. 1979), this court held that malicious burning or destruction of property
 
 [2]
 
 is not a lesser-included offense of arson. As an element of its prima facie case of malicious destruction of property, the government must show that the property was valued either above or below $200.
 
 Id.
 
 at 147. Value is “ ‘crucial’ ” because it “ ‘provides the sole distinction between a felony and a misdemeanor.’ ”
 
 Id.
 
 at 147
 
 (quoting Nichols v. United States,
 
 343 A.2d 336, 341 (D.C. 1975)). Arson does not require proof of value.
 
 [3]
 

 In re W.B.W., supra,
 
 397 A.2d at 147. Because malicious destruction of property contains an additional element of proof, it cannot be a lesser-included offense of arson.
 
 Id.
 

 Appellant, however, focuses attention on the facts as adduced at his trial. In
 
 Hall v. United States, supra,
 
 343 A.2d at 39, we recognized that the doctrines of merger and lesser-included offenses are not always to be analyzed by abstract consideration of the statutes involved or the wording of the indictment. Thus, in
 
 United States v. Whitaker, supra,
 
 144 U.S.App.D.C. at 349, 447 F.2d at 319, the circuit court held that although unlawful entry is not necessarily an element of burglary under the D.C.Code, on the particular facts of defendant’s trial unlawful entry properly was a lesser-included offense of burglary, thus permitting the defendant to request a jury instruction on the lesser offense. In
 
 Hall,
 
 we acknowledged this approach but emphasized the
 
 Whitaker
 
 court’s caveat that in order to engage in this “novel analysis” and consider the facts adduced at trial:
 

 [Tjhere must also be an “inherent” relationship between the greater and lesser offenses, i.e., they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.
 

 Hall v. United States, supra,
 
 343 A.2d at 39
 
 (quoting United States v. Whitaker, supra,
 
 144 U.S.App.D.C. at 349, 447 F.2d at 319).
 
 [4]
 
 We find no such “inherent” relationship
 
 *38
 
 between malicious destruction of property and arson.
 

 The offense of malicious destruction of property protects against injury or harm merely to property. 4 Wharton’s Criminal Law § 491 (14th ed. 1981). Arson, in contrast, involves conduct endangering human life and offending the security of habitation or occupancy. 3 Wharton’s Criminal Law § 345 (14th ed. 1980). Hence, the statutes defining these offenses protect not the same but different interests.
 
 Cf. Harris v. United States,
 
 377 A.2d 34, 38 (D.C.1977) (“the societal interest served by the burglary statute, protection of dwellings, is separate and distinct from that of the murder statute, security and value of the person”);
 
 Hall v. United States, supra,
 
 343 A.2d at 39 (offense of obstructing justice “intended to insulate the criminal justice system from corruption whereas the crime of simple assault is intended to protect the physical security of individual citizens”);
 
 Smith v. United States,
 
 135 U.S.App.D.C. 284, 285, 418 F.2d 1120, 1121 (housebreaking and robbery are “crimes of historically different conception, protecting distinctly different societal interests, and affording protection against markedly different dangers”),
 
 cert. denied,
 
 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235 (1969). Moreover, proof of malicious destruction of property is not necessarily presented as part of a showing of arson. Unlike proof of arson, the government must introduce specific evidence of property value in order to show malicious destruction of property.
 
 [5]
 

 In re W.B.W., supra,
 
 397 A.2d at 147.
 
 Cf. Bridgeford v. United States,
 
 411 A.2d 633, 635 (D.C.1980) (permanent disability of victim “not an integral part” of every assault with intent to kill). Thus, there is not the “inherent” relationship between these two offenses to warrant consideration of the facts as adduced at appellant’s trial.
 
 Hall v. United States, supra,
 
 343 A.2d at 39;
 
 United States v. Whitaker, supra,
 
 144 U.S.App.D.C. at 349, 447 F.2d at 319.
 
 [6]
 

 Accordingly, the judgment on appeal is
 
 Affirmed.
 

 [1]
 

 . The trial court on June 24, 1982, corrected this sentence to three to ten years’ imprisonment.
 

 [2]
 

 . Although the indictment in
 
 In re W.B.W.
 
 charged malicious burning of property rather than malicious destruction of property (as charged here), the statute does not differentiate between the two types of conduct. D.C.Code § 22-403 (1973) provides:
 

 Whoever maliciously injures or breaks or destroys, or attempts to injure or break or destroy,
 
 by
 
 Are or
 
 otherwise,
 
 any public or private property, whether real or personal, not his own, of the value of $200 or more, shall be fined not more than $5,000 or shall be imprisoned for not more than 10 years, or both, and if the value of the property be less than $200 shall be fined not more than $1,000 or imprisoned for not more than 1 year, or both. [Emphasis supplied.]
 

 [3]
 

 . D.C.Code § 22-401 (1973) defines arson as follows:
 

 Whoever shall maliciously bum or attempt to bum any dwelling, or house, bam, or stable adjoining thereto, or any store, bam, or outhouse, or any shop, office, stable, store, warehouse, or any other building, or any steamboat, vessel, canal boat, or other watercraft, or any railroad car, the property, in whole or in part, of another person, or any church, meetinghouse, schoolhouse, or any of the public buildings in the District, belonging to the United States or to the District of Columbia, shall suffer imprisonment of not less than 1 year nor more than 10 years.
 

 [4]
 

 .The circuit court correctly noted that absent a showing that the two offenses are inherently related, “defense counsel might be tempted to press the jury for leniency by requesting lesser-included offense instructions on every lesser crime that could arguably bd made out from any evidence that happened to be introduced at trial.
 
 United States v. Whitaker, supra,
 
 144 U.S.App.D.C. at 349, 447 F.2d at 319.
 

 [5]
 

 . At appellant’s trial, for example, the government introduced evidence showing that the estimated cost of repair for the apartment was $4,365, the insurance company had paid $1,265 for repairs, and the value of Osborne’s coat was $120. None of this evidence was necessary to prove the arson charge.
 
 See supra
 
 note 3.
 

 [6]
 

 . Appellant’s challenge to the sufficiency of the evidence is without merit. This court reviews a claim of insufficiency by considering the evidence “in a light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact.”
 
 Clark v. United States, 418
 
 A.2d 1059,
 
 1060 (D.C.1980).
 
 Appellant argues that the jury considered “at best” a “balance” between Osborne’s testimony and his own. The jury, however, was free to credit her testimony over his own.
 
 Id.