**Harold E. MONROE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 90–1147.**

District of Columbia Court of Appeals.

Submitted May 1, 1991.
Decided Dec. 13, 1991.

Harold E. Monroe was on the brief pro se.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, John F. Cox III, and Roy W. McLeese, III, Asst. U.S. Attys., were on the brief for appellee.

Before ROGERS, Chief Judge, and WAGNER, Associate Judge and PRYOR, Senior Judge.

PER CURIAM:

Appellant Harold E. Monroe appeals from the denial of his motion to correct an illegal sentence on the ground that his Double Jeopardy rights were violated because his conviction for kidnapping merged with his conviction for armed robbery, and his unauthorized use of a vehicle conviction merged with his conviction for armed robbery. Consistent with our recent en banc decision, *Byrd v. United States*, 598 A.2d 386 (1991) (en banc), we affirm.[1]

---

1. We conclude, however, that his two convic-     tions for unauthorized use of a motor vehicle

## I.

Appellant Harold E. Monroe and a co-defendant abducted Moses Jahnrett when he stopped to purchase a soda at a gas station. *Monroe v. United States*, 389 A.2d 811 (D.C.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). After forcing him into his car, the defendants drove Jahnrett to a bar where they picked up a third co-defendant. Throughout the ride, the defendants demanded money from Jahnrett, who only had 23 cents in his possession. Eventually, the defendants removed Jahnrett from the car, stripped him, beat him, and left him bleeding and lying in the snow, stealing his car and assorted other possessions.

Appellant was charged and convicted of kidnapping while armed, D.C.Code §§ 22–2101, –3201, –3202, armed robbery, *id.* §§ 22–2901, –3201, –3202, two counts of carrying a pistol without a license, *id.* § 22–3204, and two counts of unauthorized use of a vehicle, *id.* § 22–3815. He was sentenced to fifteen years to life for kidnapping while armed, five to twenty years for armed robbery, consecutive to any other sentence, one year for each count of carrying a pistol without a license, concurrent with each other but consecutive to any other sentence, and five years for each count of unauthorized use, concurrent with each other but consecutive to any other sentence.

In his direct appeal, appellant claimed only that he had been denied the effective assistance of counsel with regard to investigation and consultation. His convictions were affirmed. *See Monroe, supra,* 389 A.2d at 811. In 1990, appellant filed a motion to correct an illegal sentence, seeking the vacation of his conviction and sentence for armed kidnapping and unauthorized use of a motor vehicle. The trial judge denied the motion, and appellant brought this appeal.

## II.

The en banc court in *Byrd, supra,* clarified the approach for merger issues raised when a defendant has been tried in a single trial for multiple offenses:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Byrd, supra,* 598 A.2d at 389 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). This *Blockburger* test applies "in the absence of a clear indication of contrary legislative intent." *Byrd, supra,* 598 A.2d at 389 (quoting *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980)).

■ Applying the *Blockburger* test, it is clear that appellant's merger claims must fail. The armed robbery and kidnapping offenses each require proof of an element that the other does not. *See Head v. United States*, 451 A.2d 615, 624 (D.C.1982) ("elements of armed kidnaping [include] ... a showing that [the defendant] seized or detained the victim"); *id.* ("[a] conviction for armed robbery requires a showing of a taking of property of value ..."). Similarly, the armed robbery and unauthorized use of a vehicle convictions contain distinct elements. *See* D.C.Code § 22–2901 (1989) (robbery requires a taking "by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear"); *id.* § 22–3815 (unauthorized use of a motor vehicle requires proof that the defendant took, used, drove or operated "a motor ... vehicle for his or her own use, purpose or profit").

■ Although not raised by appellant, we conclude that the two convictions for unauthorized use merge, since there was no evidence of interrupted possession. *See Parker v. United States*, 476 A.2d 173, 176 (D.C.1984) (separate convictions cannot be obtained for each day that a vehicle is operated unlawfully (citing *Brown v. Ohio*, 432 U.S. 161, 169 n. 8, 97 S.Ct. 2221, 2227 n. 8, 53 L.Ed.2d 187 (1977)). We similarly

merge, and his two convictions for carrying a pistol without a license merge. *See infra*.

conclude that the two convictions for carrying a pistol without a license must merge. *See Bruce v. United States*, 471 A.2d 1005, 1007 (D.C.1984) ("[a] second offense [of carrying a pistol without a license] does not arise until the continuity of the first act is broken").[2]

Accordingly, we reverse and remand for vacation of one of the convictions for unauthorized use of a motor vehicle, and one of the convictions for carrying a pistol without a license. The judgments are otherwise affirmed.

---

**2.** The government maintains that appellant has waived the issue by failing to raise it in his direct appeal or in the § 23–110 motion. In the past, however, the court has not refrained from reaching merger issues which become apparent for the first time on appeal, *see Ball v. United States*, 429 A.2d 1353 (D.C.1981), even if not specifically raised by the appellant. *See Catlett v. United States*, 545 A.2d 1202, 1218–19 (D.C.1988). The government concedes that, absent waiver of the issue, one of the two CPWL offenses must be vacated.