Michael L. ROBINSON, Appellant,

v.

UNITED STATES, Appellee.

No. 90–CO–895.

District of Columbia Court of Appeals.

Argued Feb. 26, 1992.
Decided March 11, 1992.*

Paul J. Riley, Washington, D.C., appointed by the court, for appellant.

Elizabeth H. Danello, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Roy W. McLeese, III, and Brenda J. Johnson, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before STEADMAN, SCHWELB and KING, Associate Judges.

SCHWELB, Associate Judge:

On March 29, 1990, Robinson entered a plea of guilty to conspiracy to commit robbery, in violation of D.C.Code § 22–105a (1989), and attempted robbery, in violation of D.C.Code § 22–2902 (1989). As part of the plea agreement, the government agreed to dismiss one original count of robbery, in violation of D.C.Code § 22–2901 (1989), as well as an unrelated charge. The trial judge, after denying a motion by Robinson to vacate the attempted robbery charge on double jeopardy grounds,[1] imposed consecutive sentences for the two offenses. On appeal, Robinson contends that the sentence imposed by the court unconstitutionally subjected him to double jeopardy. We affirm.

The constitutionality of Robinson's consecutive sentences for conspiracy and for attempted robbery turns entirely on whether the legislature intended to authorize multiple punishments. *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); *Byrd v. United States,* 598 A.2d 386, 388–89 (D.C.1991) (en banc). Absent a clear indication of contrary legislative intent, we apply the test formulated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which has been adopted in this jurisdiction by statute. D.C.Code § 23–112 (1989). Under *Blockburger,* where the same act or transaction constitutes a violation of two different statutory provisions, the offenses are not deemed the same for double jeopardy purposes if "each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182; *see also Byrd, supra,* 598 A.2d at 389.

The dual convictions in this case are consistent with *Blockburger,* for each offense to which Robinson entered a guilty plea requires proof of a fact which the other does not. The elements of conspiracy to

---

* The decision in this case was originally issued as a Memorandum Opinion and Judgment. This court granted the government's motion for publication and has made certain relatively minor revisions in the opinion.

1. Despite entering his plea, Robinson filed a motion to vacate the attempted robbery convic-

tion on the ground that it merged into the conspiracy count. In light of our disposition of the appeal, we need not and do not decide whether the double jeopardy claim could be preserved in this fashion. *See United States v. Broce,* 488 U.S. 563, 569–74, 109 S.Ct. 757, 762–65, 102 L.Ed.2d 927 (1989).

commit robbery are that (1) two or more persons conspired to commit robbery, (2) the defendant knowingly participated in the conspiracy with the intent to commit the robbery which was the object of the conspiracy, and (3) during the existence of the conspiracy, at least one of the overt acts set forth in the indictment was committed by one or more of the members of the conspiracy in furtherance of the objectives of the conspiracy. *See* Criminal Jury Instructions for the District of Columbia, No. 4.92 (3d ed. 1978) (emphasis added). The elements of attempted robbery are that (1) the defendant committed an act which was reasonably adapted to the commission of the offense of robbery, (2) at the time the act was committed, the defendant acted with the specific intent to commit the offense of robbery, and (3) the act went beyond mere preparation, and carried the project forward to within dangerous proximity of the criminal end to be sought. *See* Criminal Jury Instructions for the District of Columbia, No. 4.62 (3d ed. 1978) (emphasis added).

There are obvious differences between the two offenses, and each requires proof of a fact which the other does not. "Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act." *Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975). To establish a conspiracy, the government must prove an unlawful agreement among two or more persons. No such proof is required for attempted robbery.

To establish attempted robbery, the government must prove that the defendant committed an overt act which was done with the intent to commit the crime and which, but for the intervention of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime. *Sellers v. United States*, 131 A.2d 300, 301 (D.C.1957); *see also Jones v. United States*, 386 A.2d 308, 312–13 (D.C.1978). No such proof is required for conspiracy, for the "overt act" requirement as to that crime is far less exacting; a preparatory act, innocent in itself, may be sufficient. *See Iannelli, su-*

*pra,* 420 U.S. at 786 n. 17, 95 S.Ct. at 1293 n. 17.

Inviting our attention to *Logan v. United States*, 460 A.2d 34 (D.C.1983), Robinson contends that we should examine the facts of the case to determine whether attempted robbery is a lesser included offense of, and merges into, conspiracy to commit robbery. In *Byrd*, however, 598 A.2d at 390, this court, sitting en banc, explicitly stated that the "pure fact-based analysis" of certain of our decisions, of which *Logan* was one, "can[not] survive the recent reaffirmation of the *Blockburger* test in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)." *See also Monroe v. United States*, 600 A.2d 98, 99 (D.C.1991). *Logan* therefore no longer offers any solace to Robinson.

Finally, relying on *Grady, supra,* Robinson argues that successive prosecutions must do more than merely survive the *Blockburger* test. In the present case, however, the convictions arose in a single plea, and there was no successive prosecution. Under the circumstances, it is the *Blockburger* test which controls. Compare *Byrd, supra,* with *United States v. Dixon*, 598 A.2d 724, 730–31 (D.C.1991) (en banc), *cert. granted*, —— U.S. ——, 112 S.Ct. 1759, 118 L.Ed.2d 422 (1992).

For the foregoing reasons, the judgment on appeal must be and it is hereby

*Affirmed.*