Katrina L. HEBRON, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–1259.

District of Columbia Court of Appeals.

Submitted March 17, 1993.
Decided March 23, 1993 *.

Thomas G. Ross, appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher, Thomas C. Black, Wendy L. Wysong, and Roger L. Kemp, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN, STEADMAN, and KING, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant Katrina L. Hebron of voluntary manslaughter while armed. On appeal, she contends that the trial court erred in (1) failing to suppress a statement she gave to police and (2) refusing to instruct the jury on assault with a dangerous weapon as a lesser included offense of second degree murder while armed and voluntary manslaughter while armed. We affirm.

Police arrested appellant on July 5, 1990, for the murder of Michelle Logan, which

* The decision in this case was originally released as a Memorandum Opinion and Judgment on March 23, 1993. It is now being published by direction of the court.

had taken place on June 28, 1990. According to appellant's own testimony at trial, she was sleeping at the home of a friend when Logan came to visit at about 2:00 a.m. At about 2:30 a.m., appellant got up to use the bathroom and decided to leave her friend's apartment. As she was getting dressed to leave, she was unable to find one of her bracelets. On discovering that Logan had already left the apartment, appellant went outside, saw Logan on the street, and asked her where the bracelet was. Logan indicated that it was in some bushes. A fight between appellant and Logan ensued. Appellant pursued Logan into a neighbor's apartment, where the fight continued with various instruments, including a bottle, a baseball bat, and a can of paint. In the kitchen of the apartment, appellant grabbed a knife and swung it at Logan, allegedly in self-defense. Appellant then pursued Logan—who at this point had no weapons—out of the apartment and down the hall, again swinging the knife at Logan. Appellant claimed at trial that she did not know if she had actually struck Logan with the knife. The government introduced a statement, however, in which appellant admitted stabbing Logan. The autopsy report on Logan showed that she died as a result of a 3½ inch stab wound in the back.

■ Appellant contends, first, that the trial court erred in failing to suppress the statement that she gave to police after she was taken into custody. She argues that the statement was coerced because she was chained to a desk at the police station and deprived of medical treatment for a wound that she had received a week earlier in the fight with Logan. The trial court found this claim unpersuasive. Noting that appellant had signed a rights card waiving her rights, that there was no evidence that she was in pain or that her judgment had been affected,[1] and that appellant was familiar with the criminal justice system, having been arrested five times previously, the trial court concluded that appellant waived her rights knowingly and voluntarily and that her statement was given voluntarily. We will not disturb the trial court's factual findings unless they are without substantial support in the evidence. *See Byrd v. United States,* 618 A.2d 596, 598 (D.C. 1992); *Hawthorne v. United States,* 504 A.2d 580, 586 (D.C.), *cert. denied,* 479 U.S. 992, 107 S.Ct. 593, 93 L.Ed.2d 594 (1986). On our review of the record, these factual findings are amply supported. Furthermore, given these findings, we are unable to say, as a matter of law, that either appellant's waiver of her rights or her statement was coerced.

■ We turn now to the second issue raised by appellant. After an extensive discussion with the prosecutor and defense counsel concerning what lesser included offense instructions were appropriate, the trial court agreed to give instructions on voluntary manslaughter while armed and involuntary manslaughter while armed but refused defense counsel's request for an instruction on assault with a dangerous weapon. Appellant contends that this refusal constitutes reversible error.

" 'A defendant is entitled to a lesser-included offense instruction when (1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for the lesser charge.' " *Simmons v. United States,* 554 A.2d 1167, 1170 (D.C.1989) (quoting *Rease v. United States,* 403 A.2d 322, 328 (D.C. 1979)). Since the government concedes that assault with a dangerous weapon is a lesser included offense of second degree murder while armed, we focus on the second prong of this test: whether any evidence in this case, however weak, offered a rational basis for such an instruction. *See id.; West v. United States,* 499 A.2d 860, 865 (D.C.1985) (trial court did not err in withholding instruction where there was no rational basis for it and giving the instruction would have encouraged a "bizarre reconstruction" of the evidence). "[I]f 'proof of the greater offense will require the jury

---

1. Indeed, when appellant did go to the hospital for treatment of the cut, she was simply given a new band-aid and a tetanus shot.

to find a disputed fact that need not be found to prove the lesser charge,'" then the instruction must be given if requested. *Simmons,* 554 A.2d at 1170 (quoting *Rease,* 403 A.2d at 328–29).

■■■■ Appellant argues that an instruction on assault with a dangerous weapon was required because there was some evidence that appellant lacked the specific intent to kill. But proof of intent to kill is not a required element of second degree murder, voluntary manslaughter, or involuntary manslaughter.[2] Indeed, even an accidental or unintentional killing will constitute involuntary manslaughter if it resulted from a reckless course of conduct involving extreme danger of death or serious bodily injury and was without legal justification or excuse, or occurred in the course of the commission of a dangerous misdemeanor. *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.26 (3d ed. 1978); *Comber v. United States,* 584 A.2d 26, 47–51 (D.C.1990) (en banc).

Given the uncontroverted facts of this case, which show that appellant swung a knife at Logan as Logan was fleeing from her, that the knife struck Logan, and that Logan died from the resulting wound, there was no rational basis for giving an additional instruction on assault with a dangerous weapon. Proof of involuntary manslaughter, at least, would not have required the jury to find a disputed fact that it would not have already had to find in order to convict appellant of assault with a dangerous weapon. *See Simmons,* 554 A.2d at 1170. It follows that, since, in the circumstances here, the "assault with a dangerous weapon producing death is either murder or manslaughter, appellant was guilty of one or the other or else was not guilty at all." *United States v. Marcey,* 142 U.S.App.D.C. 253, 257, 440 F.2d 281, 285 (1971) (footnote omitted); *see also United States v. Hardin,* 143 U.S.App.D.C. 320, 324, 443 F.2d 735, 739 (1970) (defendant not entitled to an instruction on as-

sault with a dangerous weapon as a lesser included offense of second degree murder where it was uncontradicted and established beyond any doubt that the deceased died of gunshot wound inflicted by appellant and appellant, by his own admission, did not kill the deceased while merely handling gun negligently). We conclude, therefore, that the trial court did not err in refusing to give an instruction on assault with a dangerous weapon as a lesser included offense.

*Affirmed.*

---

2. The malice element of second degree murder and voluntary manslaughter may also be satisfied by proof of specific intent to inflict serious bodily harm or of wanton and willful disregard of an unreasonable human risk. *See Comber v.*

*United States,* 584 A.2d 26, 37–40 (D.C.1990) (en banc); *Byrd v. United States,* 500 A.2d 1376, 1385 (D.C.1985), *adopted en banc,* 510 A.2d 1035 (D.C.1986).