Kevin D. ULMER, Appellant,

v.

UNITED STATES, Appellee.

No. 92–CF–1415.

District of Columbia Court of Appeals.

Argued June 20, 1994.

Decided Oct. 27, 1994.

Omodare Jupiter, Public Defender Service, with whom James Klein, Public Defender Service, Washington, DC, was on the brief, for appellant.

Chrisellen R. Kolb, Asst. U.S. Atty., with whom Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Roy W. McLeese III, and Silvia L. Gonzalez, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before WAGNER, Chief Judge, FERREN, Associate Judge, and KERN, Senior Judge.

KERN, Senior Judge:

A jury convicted appellant of armed robbery, D.C.Code §§ 22–2901, –3202 (1989 Repl. & 1993 Supp.); first-degree felony murder while armed, id. §§ 22–2401, –3202; and other related offenses [1] arising from his fatal stabbing of the decedent in the latter's home and his subsequent taking of the victim's automobile and various personal items. Appellant contends the trial court committed reversible error in refusing to instruct the jury under the particular evidence presented on larceny, a lesser-included offense of robbery, and therefore his convictions for armed robbery and felony murder must be reversed. We affirm.

## I. THE TRIAL

### A. *The Prosecution Case*

In May of 1990, police found Charles Coats dead in his apartment at 252 56th Street, Northeast in the District, wearing only his socks and a prophylactic. Coats had been stabbed to death with a knife. The police stopped and questioned appellant, who was found sitting in the victim's car approximately six or seven blocks from the crime scene. The police discovered that appellant was wearing the victim's jewelry and he also possessed other personal items which were later identified as the victim's property.[2] The police arrested appellant for unauthorized use of a vehicle. During a post-arrest interview with a police detective, appellant stated that he had sexual relations with Coats a number of times prior to the stabbing.

A government witness, appellant's brother, testified at trial that on the afternoon of April 30, 1990, appellant announced his plan to rob and kill a "fag" whom he had known. Appellant also told his brother that he would use a knife to kill this person because he was unable to obtain a gun. After the brother declined appellant's request to assist in this criminal scheme, appellant went to a friend's house where he acquired a knife. Appellant told his brother that he would call the person with whom he was having sexual relations and ask for a ride in his car. Approximately twenty minutes after appellant had made the telephone call, the brother observed him ride away in a white car, driven by another man. The brother also testified that when he saw appellant later that night, appellant told him that he stabbed the victim to death and had taken the victim's jewelry and other personal items.

### B. *The Defense Case*

In his defense, appellant testified that he stabbed Coats in self-defense and then, as an afterthought, took his property in order to make the scene appear as if Coats had been the victim of a robbery. Specifically, appellant stated to the jurors that on the evening of April 30, 1990, he engaged in one sexual act with Coats in exchange for money, but declined the victim's request to perform another type of sexual act. Appellant further

---

1. Appellant was also convicted of (1) first-degree armed burglary with intent to commit assault, D.C.Code §§ 22–1801(a), –3202 (1989 Repl. & 1993 Supp.); (2) first-degree armed burglary with intent to steal, id. §§ 22–1801(a), –3202; (3) carrying a concealed dangerous weapon, id. § 22–3204(a); (4) first-degree theft, id. §§ 22–3811, –3812(a); (5) receiving stolen property, id. §§ 22–3832(a), –3832(c)(1); and (6) unauthorized use of a vehicle, id. § 22–3815. The jury acquitted appellant of the charge of first-degree premeditated murder while armed, id. §§ 22–1801(a), –3202.

2. Along with the jewelry found on appellant's person, the police also recovered a flute, clothing, credit cards, and other personal papers which belonged to the victim.

testified that Coats then became violent and threatened him with a kitchen knife, demanding that he perform this particular sexual act. According to appellant's testimony, a struggle ensued between the two men at which time appellant wrestled the knife away from Coats. Then, appellant claimed to the jury that the victim began strangling him and that in defending himself, he stabbed Coats with the knife. Appellant further explained to the jurors that he took the victim's property in order to create the appearance that Coats was the victim of a robbery.

### C. The Defense Request for a Larceny Instruction

At the close of the evidence and during the discussion with the trial court on its charge to the jury, defense counsel requested the trial judge to instruct the jury on self-defense and larceny as a lesser-included offense of robbery on the theory that if the jury believed appellant had formed the intent to take the victim's property *subsequent* to his stabbing the victim, then he committed the crime of theft and not robbery.

The trial court instructed the jury on self-defense in relation to the murder charge, but refused to instruct the jury on larceny as a lesser-included offense of robbery. The judge reasoned that the government was not required to prove that the force used in a robbery was motivated by a specific intent to steal, but only that appellant took the victim's property with the specific intent to steal the items. Appellant bases his appeal from the jury's verdict on this ruling.

## II. THE JURY INSTRUCTION GIVEN

■ The sole issue on appeal is the trial court's refusal to instruct the jury on larceny as a lesser-included offense of robbery. A jury instruction on a lesser-included offense is warranted when "(1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for the lesser charge." *Hebron v. United States*, 625 A.2d 884, 885 (D.C.1993)

**3.** *See Simmons v. United States*, 554 A.2d 1167, 1170 (D.C.1989) ("[l]arceny (or theft) is a lesser included offense of robbery"); *Rease v. United States*, 403 A.2d 322, 328 (D.C.1979); *Dublin v.*

(internal quotations and citations omitted); *Nelson v. United States*, 601 A.2d 582, 594 (D.C.1991).

■ Clearly, larceny is a lesser-included offense of robbery and armed robbery.[3] Hence, we turn to the second prong of the test for giving an instruction on a lesser-included offense, the sufficiency of evidence to require the giving of the instruction appellant sought. Although any evidence, however weak, will satisfy this criteria, *Hebron, supra*, 625 A.2d at 885; *Simmons, supra* note 3, 554 A.2d at 1170; *Lampkins v. United States*, 515 A.2d 428, 432 (D.C.1986), a trial court "properly den[ies] the requested instruction ... if there is no factual dispute and a finding to the contrary on the only evidence at issue would be irrational." *Rease, supra* note 3, 403 A.2d at 329 (citations omitted).

■ Within this framework, we consider appellant's claim that he was entitled to a larceny instruction. Specifically, appellant asserts that if the jury believed that he killed Coats in self-defense, the jury thereby concluded that he used lawful or justifiable force against the victim. It follows, according to appellant, that thereafter when he formed the intent to take the victim's possessions, he was entitled to a larceny instruction because his conduct would establish an "opportunistic larceny" and not a robbery. Even if we accept appellant's version of the facts for the purpose of determining the propriety of the requested instruction, his conduct following the stabbing would still be viewed as a robbery. This is because the robbery statute in this jurisdiction provides that a defendant may be found guilty of robbery by "stealthy seizure." The relevant statute provides that

Whoever by force or violence, whether against resistance or by sudden or *stealthy seizure* or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery....

*United States*, 388 A.2d 461, 463 (D.C.1978); *Walker v. United States*, 135 U.S.App.D.C. 280, 284, 418 F.2d 1116, 1120 (1969).

D.C.Code § 22–2901 (1989 Repl.) (emphasis supplied). The legislature intended, by adopting the "stealthy seizure or snatching" language in this statute, to *expand* the common law definition of robbery. *See United States v. Dixon,* 152 U.S.App.D.C. 200, 203, 469 F.2d 940, 943 (1972); *Carey v. United States,* 111 U.S.App.D.C. 300, 304, 296 F.2d 422, 426 (1961); *Neufield v. United States,* 73 App.D.C. 174, 189, 118 F.2d 375, 390 (1941). To satisfy the "force" requirement in a charge of robbery by stealthy seizure, the government need only demonstrate the "actual physical taking of the property from the person of another, even though without his knowledge and consent, and though the property be unattached to his person." *Turner v. United States,* 57 App.D.C. 39, 40, 16 F.2d 535, 536 (1926).

■ Appellant concedes in the present case that he took the victim's possessions after the victim was incapacitated. Under *Turner,* the subsequent physical taking by appellant of Coats' property establishes the "force" requirement of robbery by stealthy seizure.[4] Moreover, a robbery would still exist even though the victim was either dead or unconscious at the time appellant decided to take his property. *See Smothers v. United States,* 403 A.2d 306, 313 n. 6 (D.C.1979)

("[i]t is settled law in this jurisdiction that a dead person can be a robbery victim, at least where the taking and the death occur in close proximity"); *United States v. Butler,* 147 U.S.App.D.C. 270, 271 n. 1, 455 F.2d 1338, 1339 n. 1 (1971) ("[i]t is the settled law of this jurisdiction that a dead man is a 'person' within the robbery statute"); *Carey, supra,* 111 U.S.App.D.C. at 304, 296 F.2d at 426.

■ In our view, the jury could only have found appellant guilty of robbery because his conduct would constitute a robbery under his version of the facts. Therefore, the trial court did not err in refusing to give the jury an instruction on larceny as a lesser-included offense of robbery.[5]

We note that the jury, by its verdict, rejected appellant's claim that he decided to take the victim's property as an afterthought following the fatal stabbing of the victim. This is because the trial court, during its instruction on felony murder, explained to the jurors:

> [T]he basis for this charge is the charge [of] robbery.... [I]f you find that the taking of the property of Mr. Coats *occurred only as an after-thought following the stabbing* of Mr. Coats, ... [and] that [appellant's] desire and intention to take Mr. Coats' property was formed only after

4. We find no merit in appellant's constitutional claim that he was deprived of fair warning that his conduct would constitute a robbery by stealthy seizure. Unlike *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), and *Duvallon v. District of Columbia,* 515 A.2d 724 (D.C.1986), upon which appellant relies, the robbery statute of the District of Columbia had been previously interpreted as expanding common law robbery to encompass a defendant who subsequently takes another person's property by "sudden or stealthy seizure." *See Carey, supra,* 111 U.S.App.D.C. at 304–05, 296 F.2d at 426–27.

5. We disagree with appellant's assertion that the "stealthy seizure" language found in the robbery statute is not germane to his case merely because it was not set forth in the indictment. *See Jackson v. United States,* 123 U.S.App.D.C. 276, 280, 359 F.2d 260, 264 (per curiam) (no showing or claim of actual prejudice to defendant in the omission of "sudden or stealthy seizure or snatching" language in the indictment), *cert. denied,* 385 U.S. 877, 87 S.Ct. 157, 17 L.Ed.2d 104 (1966); *Devone v. United States,* 401 A.2d 971, 972–73 (D.C.) (no "error was committed by the

trial court ... when it instructed the jury that it could find appellant guilty if the evidence established a taking 'by stealthy seizure,' even though the indictment did not include such language"), *cert. denied,* 444 U.S. 876, 100 S.Ct. 160, 62 L.Ed.2d 104 (1979).

Similarly, we note that appellant's counsel at trial did not raise an objection of a variance between the indictment and the proof, but instead acknowledged that the jury could find the appellant guilty of robbery by stealthy seizure. *See Jackson, supra,* 123 U.S.App.D.C. at 280, 359 F.2d at 264 (defense counsel's statement to the jury that the crime of robbery may be accomplished by a sudden or stealthy seizure belied any claim of prejudice to defendant). *See also United States v. Bradford,* 482 A.2d 430, 433 (D.C.1984) (an indictment which is tardily challenged will be "liberally construed in favor of validity") (quoting *United States v. Pheaster,* 544 F.2d 353, 361 (9th Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977)); *Giles v. United States,* 472 A.2d 881, 884 (D.C.1984) (conviction will not be reversed "on the basis of a technical defect in an indictment where defendant does not object at trial, absent a showing of substantial prejudice").

Mr. Coats was fatally injured, then you should not find [appellant] guilty of felony murder while armed ... because the murder then was not committed while [appellant] was perpetrating or attempting to perpetrate the offense of robbery.

Based upon the evidence presented at trial, the jury found appellant guilty of felony murder which was predicated upon the charge of armed robbery. Thus, according to its verdict, the jury rejected appellant's claim that he formed the intent to take Coats' property as an afterthought to the fatal stabbing. In addition, the jury's finding of guilt on first-degree burglary with intent to steal also rejected appellant's claim that he did not initially intend to steal from the victim.[6] The jury's verdict upon all the evidence constituted a finding that appellant had committed burglary with intent to steal, thus refuting appellant's contention that at the time he entered the victim's home he had no intent *then* to take property from the victim.

In sum, the jury disbelieved appellant's claim that he had formed the intent to take the property subsequent to fatally stabbing the victim. To the contrary, the jury's verdict was a finding that appellant had intended to take from the victim when he entered the victim's home. "The jury is presumed to follow the trial judge's instructions." *Thompson v. United States,* 546 A.2d 414, 425 (D.C.1988) (citing *Hairston v. United States,* 497 A.2d 1097, 1102 (D.C.1985)). *See also Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101 (1954) ("Our theory of trial relies upon the ability of a jury to follow instructions"). The jury here found by its verdict of guilty on the charge of burglary with intent to steal that appellant intended to steal *before* he killed the victim and therefore clearly would have found appellant guilty of intending also to rob the victim *before* his death. *See generally White v. United States,* 613 A.2d 869, 879 (D.C. 1992) (en banc) (conviction was affirmed when "no rational jury, shown by its verdict to have found the facts necessary to convict

the defendant under the instructions as given, could have failed, if fully instructed on such element, to have found in addition the facts necessary to comprise the omitted element").

## III. CONCLUSION

The government concedes that appellant's conviction for armed robbery merges with his felony murder conviction and thus must be vacated. *See Thacker v. United States,* 599 A.2d 52, 63 (D.C.1991); *Giles, supra* note 5, 472 A.2d at 884 n. 2. We also agree with the government and appellant that on these facts one of the two burglary convictions must be vacated. *See Stewart v. United States,* 490 A.2d 619, 626 (D.C.1985); *Thorne v. United States,* 471 A.2d 247, 248 (D.C. 1983).

Accordingly, we remand the case to the trial court with the instruction that appellant's armed robbery conviction and one of the burglary convictions should be vacated, but otherwise affirm.

*So ordered.*

---

6. During its instruction of the elements of first-degree burglary with the intent to steal, the trial judge noted that the third element required the jury to find that "at the time of the entry, the [appellant] had the specific intent to steal, that is, to commit the crime of theft."