Earl JOHNSON and Walter Harris, Appellants,

v.

UNITED STATES, Appellee.

Nos. 97–CF–995, 97–CF–1558.

District of Columbia Court of Appeals.

Submitted May 20, 1999.
Decided July 27, 2000.

G. Godwin Oyewole, Washington, DC, appointed by this court, was on the brief for appellant Walter Harris.

Janet Ann Cohen, Bronx, NY, appointed by this court, was on the brief for appellant Earl Johnson.

Asunción Cummings Hostin, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, Elizabeth H. Danello, and Abby Stavitsky, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and MACK, Senior Judge.

RUIZ, Associate Judge:

In this appeal of their convictions for robbery, D.C.Code § 22–2901 (1996),[1] both Walter Harris and Earl Johnson contend that the trial court erred in entering a judgment of guilty because (1) the evidence was insufficient to support their convictions for robbery; and (2) the trial court committed reversible error when it declined to instruct the jury on the lesser-included offense of attempted robbery. We affirm, concluding 1) the evidence was sufficient to support appellants' convictions for robbery and 2) on the facts of this case in which the disputed fact, if resolved by the jury against appellants, would suffice to convict on the greater offense of robbery, and, if rejected by the jury, would not justify conviction of the lesser offense of attempted robbery, appellants were not entitled to a lesser-included offense instruction for attempted robbery.

## I.

### *The government's evidence.*

On December 8, 1996, at about half-past eight in the evening, Scott Kirkwood left his home to go to the store to purchase some milk. After realizing that the store to which he was headed would be closed by the time he arrived, and noticing that it had started to rain, Kirkwood jogged back towards home to go to another store located on the other side of his house. Upon reaching his home, he was confronted by both appellants. Appellant Johnson, with his hand inside his pocket, said to Kirkwood, "Hand over your money, don't fuck

---

1. Both appellants Harris and Johnson were originally charged with armed robbery, D.C.Code §§ 22–2901, –3202, and appellant Johnson was additionally charged with one count of receiving stolen property, D.C.Code §§ 22–3832(a), –3832(c). The jury found both appellants guilty of armed robbery on March 14, 1997, but after receiving post-trial memoranda concerning the sufficiency of the "while armed" element of the robbery charge, the trial court granted defense motions for judgment of acquittal as to the armed element, and entered a judgment of guilty for each appellant as to simple robbery.

with me, I'll shoot you." While Kirkwood searched through his pockets, appellant Harris also rifled through them, causing their hands to occasionally bump into each other. Johnson repeated his warning after Kirkwood indicated that he could not locate his wallet. When Kirkwood replied, "I don't know what you want me to do, I can't find my wallet," Johnson revealed that he had been unarmed by removing his bare hand from his jacket pocket. Johnson then patted Kirkwood on the shoulder, said, "That's okay, I was just fucking with you," and started walking away. Kirkwood turned to his left to leave, but saw Harris holding his wallet and going through its contents. Kirkwood then tried to wrestle the wallet away from Harris and the two of them fell to the ground, struggling.

At that moment, Kirkwood's neighbor, Mark Leeper, a federal agent with the Immigration and Naturalization Service, came out of his house and heard Johnson threatening to "bust" Kirkwood. When Johnson saw a police car go by, he began running, with Leeper in close pursuit for several blocks. Johnson was eventually apprehended by Officer Patrick Cumba of the Metropolitan Police Department. Harris also attempted to flee, but was stopped by David Glendenning, another of Kirkwood's neighbors and a special agent with the Department of Justice. Glendenning carried his gun, badge and a pair of handcuffs, which he used to detain Harris after Kirkwood stated to him that Harris had "just tried to rob [him]." When Officer Cumba arrived at the robbery scene with Johnson in tow, several neighbors identified Johnson as one of the robbers.

### The defense evidence.

Although appellant Johnson chose not to testify, appellant Harris recounted that he had met Johnson at Harris' girlfriend's house on the day of the charged incident, and the two of them had drinks before taking the bus to Johnson's cousin's home. After discovering that the cousin was not home, appellants walked away without any particular destination in mind. They noticed Kirkwood for the first time when he bumped into Harris. Harris reacted by punching Kirkwood, who, in response, grabbed him. The two of them fell to the ground, at which point Kirkwood's wallet fell out of his pocket. Harris testified that after he saw the wallet fall, he picked it up and tried to hand it back to Kirkwood, who promptly snatched the wallet away from him, and then called for help. Harris denied looking through Kirkwood's pockets and claimed that Johnson never threatened to shoot Kirkwood.

## II.

### A. Sufficiency of the evidence for robbery.

We turn first to appellants' initial claim that the evidence was insufficient to convict them for robbery because the government failed to establish that appellant Harris removed Kirkwood's wallet from his pocket.

We review a trial court's denial of a motion for judgment of acquittal *de novo*, and like the trial court, determine whether the evidence, viewed in the light most favorable to the government, was such that a reasonable juror could find guilt beyond a reasonable doubt. *See Curry v. United States*, 520 A.2d 255, 263 (D.C.1987) (citing *Crawford v. United States*, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967)). In recognizing the jury's role in weighing the evidence, we will defer to its credibility determinations, as well as its ability to draw justifiable inferences of fact. *See Patton v. United States*, 633 A.2d 800, 820 (D.C.1993) (per curiam). No distinction is drawn between direct and circumstantial evidence. *See Driver v. United States*, 521 A.2d 254, 259 (D.C.1987).

Reviewing the trial record, we conclude that there was sufficient evidence presented upon which a reasonable juror could conclude beyond a reasonable doubt

that appellants were guilty of unarmed robbery.[2] To obtain a conviction for robbery, the government must prove that Johnson and Harris (1) took property of some value, (2) from the actual possession of the complainant, (3) using force or violence, and (4) carried the property away, (5) with the specific intent to steal it. *See Zanders v. United States*, 678 A.2d 556, 563 (D.C.1996) (citing CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.46 (4th ed.1993)). Appellants challenge primarily the sufficiency of the evidence presented on the "taking" elements of robbery, asserting that there was no evidence in the record indicating that the complainant's wallet was taken from him by either appellant. Harris notes that the complainant, Scott Kirkwood, acknowledged on cross-examination that he did not see Harris take his wallet from him and did not know how Harris had obtained his wallet. Therefore, he argues that the government failed to establish that Kirkwood was dispossessed of his wallet by Harris. Unlike the cases cited by the appellants, *see United States v. McGill*, 159 U.S.App. D.C. 337, 487 F.2d 1208 (1973); *Zanders*, 678 A.2d 556, however, there was sufficient evidence presented from which the jury could conclude beyond a reasonable doubt that appellant Harris had taken the victim's wallet. First, Kirkwood testified that he was in possession of his wallet on his way to the store before he was approached by the appellants. Appellant Johnson, standing two or three feet away and pretending to hold a gun, threatened

to shoot Kirkwood if he did not give him his wallet. While Kirkwood was going through his pockets to find his wallet, he felt appellant Harris likewise going through his pockets at the same time. Immediately after Kirkwood had indicated that he could not locate his wallet, and appellant Johnson had taken his finger out of his coat to show that he was just "kidding", Kirkwood turned to find appellant Harris holding his wallet and going through its contents. As the trial court noted in denying both appellants' motions for judgment of acquittal at the conclusion of the government's case-in-chief, "the jury [could] infer, ... from the victim's testimony or the alleged victim's testimony that he had his wallet on him when he went to the store and because [Harris] ended up with the wallet after he was going through his pockets, he took the wallet from his pockets. That would constitute a robbery from his pockets...."

Further, even if the jury believed that Harris did not take the wallet out of Kirkwood's pocket, but rather picked it up from the ground during their struggle, the evidence would be sufficient for robbery. "To satisfy the 'force' requirement in a charge of robbery by stealthy seizure, the government need only demonstrate the 'actual physical taking of the property from the person of another, even though without his knowledge and consent, and though the property be unattached to his person.'" *Ulmer v. United States*, 649 A.2d 295, 298 (D.C.1994) (quoting *Turner v. United States*, 57 U.S.App.D.C. 39, 40,

**2.** The government argues that we should review appellant Johnson's claim of insufficiency only to correct "manifest error" or to prevent a "clear miscarriage of justice" because he never asked for a judgment of acquittal on the simple robbery count below. *See Abdulshakur v. District of Columbia*, 589 A.2d 1258, 1264 (D.C.1991); *Richardson v. United States*, 276 A.2d 237, 238 (D.C.1971). However, this court has held that at least in some circumstances, an objection may be preserved when made by a co-defendant. *See (Kirk) Williams v. United States*, 382 A.2d 1, 7 n. 12 (D.C.1978). Thus, because the trial court record reveals clearly that co-defendant

Harris did object to the sufficiency of the evidence presented for unarmed robbery, that the evidence presented was the same as to both co-defendants under an aiding and abetting theory, and that the trial court did fully consider the issue, we decline to apply the plain error standard to Johnson's claim. *Cf. id.* (reviewing appellant's objection to the government's introduction of "mug shots" for harmless error, instead of plain error, even though he did not make the objection at trial, where co-defendant's counsel "aired the appropriate objections" to allow court to consider issue).

16 F.2d 535, 536 (1926)). Thus, taking Kirkwood's wallet from the ground, as opposed to Kirkwood's person, does not defeat the robbery charge under the facts presented here. As the jury was instructed on an aiding and abetting theory, all of the acts committed by Harris could be imputed to Johnson. *See* D.C.Code § 22–105 (aiding and abetting statute).

### B.

■ Appellants further assign error in the trial court's denial of their request to instruct the jury on the lesser-included offense of attempted robbery,[3] despite evidence in the record sufficient for a reasonable jury to find that appellants attempted to rob Kirkwood, but did not complete, the robbery. *See, e.g., Bostick v. United States,* 605 A.2d 916, 917 (D.C.1992) (citing *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988)). We disagree.

■ Generally, if requested, a trial court is required to give a lesser-included offense instruction if there is evidence sufficient to support it, however weak. *See Price v. United States,* 602 A.2d 641, 644 (D.C.1992). In determining whether the evidence presented supports the requested jury instruction, we must view that evidence in the light most favorable to the party requesting the instruction. *See Minor v. United States,* 623 A.2d 1182, 1185 (D.C.1993) (per curiam). We have further recognized that "the defendant's entitlement to such an instruction is not canceled or diminished by the claim of inconsistent, or even contradictory, defenses, even those

inconsistent with the defendant's testimony." *See Bostick,* 605 A.2d at 917 & n. 6 (citing *Mathews,* 485 U.S. at 63, 108 S.Ct. 883); *see also Adams v. United States,* 558 A.2d 348, 349 (D.C.1989). On the facts presented here, however, we conclude that appellants were not entitled to an instruction on attempted robbery, even if the jury credited that part of Harris' testimony alleging that he did not rifle through Kirkwood's pockets, but picked up Kirkwood's wallet from the ground.[4]

■ From the record before us, it appears that in denying appellants' request for the lesser-included instruction, the court reasoned that a jury instruction for attempted robbery would be inconsistent with Harris' story that there was no robbery at all, but rather, that Harris had assaulted Kirkwood after Kirkwood had run into him. As *Bostick* and other cases make clear, however, Harris' testimony at trial that he and Johnson had never intended to rob Kirkwood at all, but that he had assaulted Kirkwood and picked up his wallet only after it had fallen to the ground during their struggle, did not preclude Harris or Johnson from presenting a contradictory defense that they had intended to rob Kirkwood, but their robbery attempt had been thwarted by Kirkwood and his neighbors before they were able to complete the robbery by taking the wallet from Kirkwood and carrying it away. *See Bostick,* 605 A.2d at 917; *see also Adams,* 558 A.2d at 349 ("mere inconsistency between defenses does not constitute a proper basis for the denial of a defense instruction"); *Guillard v. United States,* 596 A.2d

---

3. The elements of attempted robbery require that (1) the defendant committed an act which was "reasonably designed" to commit the crime of robbery; (2) at the time the act was committed, the defendant acted with the specific intent to commit the offense of robbery; and (3) the act went beyond mere preparation as the defendant came "dangerously close" to completing the crime of robbery. *See Robinson v. United States,* 608 A.2d 115, 116 (D.C.1992) (citing CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.92 (3d

ed.1978)); *see also* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.47 (4th ed.1993).

4. Because the jury convicted appellants of robbery, it obviously discredited Harris' testimony that he intended to return the wallet to Kirkwood after picking it up from the ground. *See Zanders,* 678 A.2d at 563 (requiring specific intent to steal as an element of robbery).

60, 62 (D.C.1991). Contrary to the government's assertions, the jury would not have been required to engage in a "bizarre reconstruction of the evidence," *see Adams*, 558 A.2d at 349, in order to conclude that the appellants had been foiled in their attempt to rob Kirkwood in the sense that they were unable to make good their escape and reap the benefits of their crime. As discussed *infra*, however, successful conclusion of the robbery in this sense is not required for a completed robbery under the statute.

Usually, the only other issue in determining whether a lesser-included instruction should be given is whether there is evidence which, if believed by the jury, is sufficient to support conviction of the requested lesser-included offense. *See Price*, 602 A.2d at 644. Even if that is the case, however, because the purpose of a lesser-included offense instruction is to provide the jury with the means to convict of the offense properly proven by the evidence, and not to give the jury a choice as between two offenses for both of which there is sufficient evidence, a defendant is not entitled to a lesser-included offense if the disputed facts the jury must find to convict on the lesser-included offense also would suffice, when considered with undisputed facts, to convict on the greater offense. *See Hawkins v. United States*, 399 A.2d 1306, 1308 (D.C.1979) ("A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required to conviction on of the lesser-included offense." (quoting *Sansone v. United States*, 380 U.S. 343, 349–50, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965))). That is the case here. We agree with the trial court's observation that there was either a robbery, or no crime. That is because to convict appellants of the

lesser-included offense of attempted robbery, D.C.Code § 22–2902, the jury would have to find that appellants had the specific intent to commit robbery and committed an overt act, beyond mere preparation, reasonably adapted to the commission of robbery. *See Robinson, supra*, note 3, 608 A.2d at 116. If the jury found these facts, however, it reasonably would also have had to convict of robbery as the only further fact necessary to establish the elements of robbery, that Harris took possession of Kirkwood's property is undisputed. Once the jury found specific intent to rob, it could not have also found that Harris' conceded possession of the wallet was innocent, or that he did not "take" it in the legal sense of the word. *See Zanders*, 678 A.2d at 563 (requiring taking of property from the actual possession of a person as an element of robbery); *Ulmer*, 649 A.2d at 298 (noting that element of taking of property from the person is satisfied "even though the property be unattached to" the person); *see also* CRIMINAL JURY INSTRUCTIONS OF THE DISTRICT OF COLUMBIA No. 4.46 (4th Ed.1993) ("It is necessary that the defendant carried away the property after taking it, so as to deprive the complainant of its possession, but the least removal of the thing from its place can be enough to show carrying away."). Conversely, if the jury found that appellants did not have the specific intent to steal, it would have to acquit of the greater robbery charge as well as of the lesser-included attempted robbery charge. Therefore, on the facts of this case, where it is undisputed that Harris picked up Kirkwood's wallet, either from his pocket or after it fell on the ground, appellants[5] were not entitled to a lesser-included offense instruction of attempted robbery because if the jury found the requisite intent to rob, the evidence would be sufficient to convict on the greater charge of robbery.

---

5. Johnson does not argue that the jury could have found that he did not aid or abet Harris. Thus, the analysis of Johnson's entitlement to a lesser-included offense instruction is the same as for Harris.

Accordingly, the convictions of robbery appealed from are

*Affirmed.*